IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| RONALD G. LOOMAN, | ) | Cause No. CV 10-56-BU-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On November 15, 2010, Petitioner Ronald G. Looman filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

The petition is subject to preliminary review and must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Rule 4; see also Day v. McDonough, 547 U.S. 198, 210 (2006); Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003).

**I. Background**

Petitioner challenges the accuracy of information on which the sentence he is

currently serving was based. His sentence was imposed on June 14, 2005. Judgment was entered on June 21, 2005. Petitioner did not appeal and did not file a petition for postconviction relief. Am. Pet. (doc. 4) at 2-3 ¶¶ 12.

In 2010, Petitioner filed a petition for writ of habeas corpus in the Montana Supreme Court. It was denied because it "present[ed] claims . . . that suffer from procedural bars," including "claims that cannot properly be presented in a habeas corpus proceeding," and "time bars." Order at 3, <u>Looman v. Law</u>, No. OP 10-0325 (Mont. Sept. 21, 2010).

## II. Analysis

Federal courts may not hear state prisoners' claims on their merits if they are untimely or were not correctly presented in state court. In Petitioner's case, both the federal statute of limitations and the doctrine of procedural default appear to bar his claims.

**A. Statute of Limitations**

A federal habeas petition must generally be filed within one year of a state prisoner's conviction becoming final. 28 U.S.C. § 2244(d)(1)(A); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). Petitioner's conviction became final when his time to appeal expired, on August 22, 2005. Mont. R. App. P. 4(5)(b)(i). His petition should have been filed on or before August 22, 2006. He filed on October 27, 2010,

more than four years too late.

In objections to the Recommendation, Petitioner may show cause, in one or both of the following ways, why his petition should not be dismissed with prejudice as time-barred:

1. He might show that the analysis above is incorrect and his petition is not untimely; or

2. He might show that he has been pursuing his rights diligently, but some extraordinary circumstance stood in his way, Holland v. Florida, No. 09-5327, slip op. at 16-17 (U.S. June 14, 2010).

If Petitioner fails to show cause in response to the Recommendation, his petition should be dismissed with prejudice as untimely filed.  The Court notes that Petitioner has litigated two other actions at the same time, proceeding pro se in both, since September 6, 2006.  Looman v. Seavey, No. CV 96-11-H-CCL (D. Mont. filed Feb. 1, 1996); Looman v. Wick, No. 05-89-BU-RFC (D. Mont. filed Dec. 30, 2005). Further, this Court has supplied form habeas petitions to state prison facilities, including Crossroads Correctional Center, since at least 2005.  The form is also available on request, and it notifies prisoners of the statute of limitations.  Therefore, it is extremely unlikely that Petitioner can show cause for his failure to comply with the federal limitations period.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

**B. Procedural Default**

A federal habeas court generally will not hear claims the state court denied on the grounds that the petitioner failed to comply with a firmly established and consistently applied state procedural requirement, Collier v. Bayer, 408 F.3d 1279, 1284 (9th Cir. 2005), that does not depend on the merits of his federal claims, Ake v. Oklahoma, 470 U.S. 68, 74-75 (1985).

The Montana Supreme Court denied Petitioner's state habeas petition because, under state law, "[h]abeas corpus is not available to collaterally attack the validity of conviction of a person who was convicted in a court of record who has exhausted the remedy of appeal." Order at 3, Looman, No. OP 10-0325 (stating that Petitioner raised "claims that cannot properly be presented in a habeas corpus proceeding.").[1] Mont. Code Ann. § 46-22-101(2) has been firmly established for nearly twenty years. The Montana Supreme Court held that Petitioner's "claims . . . suffer from procedural bars, time bars, and claims that cannot properly be presented in a habeas corpus proceeding." To apply its procedural bars in Petitioner's case, the Montana Supreme Court did not consider the merits of his claims. See Mont. Code Ann. §§ 46-21-102(1), -105(2), cited in Order at 2, Looman, No. OP 10-0325; Mont. Code Ann. § 46-

---

[1] Any claims in the federal petition that were not raised in the state petition are defaulted because no state remedies remain available. Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc); Mont. Code Ann. § 46-21-102(1) (2009).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

22-101(2) (identifying claims that cannot properly be presented in a habeas corpus proceeding under state law). Therefore, the time and procedural bars are both firmly established and independent of federal law.

Again, in objections to the recommendation, Petitioner may show cause why his petition should not be dismissed with prejudice as procedurally defaulted. He may do so in one or both of the following ways:

1. He might show that Mont. Code Ann. § 46-22-101(2) was not consistently applied at the time he filed his state habeas petition;

2. He might show a legitimate excuse for his default, for instance, that "'some objective factor external to the defense'" prevented him from raising his claims in state court. Cook v. Schriro, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). The "prejudice" prong is met if Petitioner can show that each error he alleges was serious enough to undermine confidence in the outcome of the proceeding. Smith, 510 F.3d at 1148 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

If Petitioner does not make at least one of these showings in response to this Recommendation, his petition should be dismissed with prejudice as procedurally defaulted without excuse.

### III. Certificate of Appealability

Petitioner's claims are not strong on the merits.  As the Montana Supreme Court said, "[t]he fact that Yellowstone County may have agreed to some reduced sentences [or charges] in 1992 carries little weight in light of the serial burglary record that Looman amassed in Gallatin County."  Order at 2, Looman, No. OP 10-0325.  The procedural and time bars are clear and virtually insurmountable.  There is no reason to encourage further proceedings.  A certificate of appealability will not be warranted if Petitioner fails to show cause to excuse his procedural default and his untimely filing. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

## IV. Appointment of Counsel

The Court has sua sponte considered whether counsel should be appointed to assist Petitioner.  Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel." Bonin v. Vasquez, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)).  Counsel may be appointed if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  The court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

The federal petition was filed more than four years too late.  He did nothing in the meantime to bring the alleged errors to the attention of the courts of the State of Montana.  It is extremely unlikely that Petitioner will succeed on the merits.  Further, the legal issues are not complex, and Petitioner has been told what he must show in this Order.  Petitioner clearly is able to articulate his claims pro se.  Appointment of counsel is neither required as a matter of due process nor warranted in the interests of justice.

Based on the foregoing, the Court enters the following:

**ORDER**

1. The Amended Petition (doc. 4) should be DISMISSED WITH PREJUDICE as both time-barred and procedurally barred.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the

date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this 17th day of November, 2010.

     /s/ Keith Strong
     Keith Strong
     United States Magistrate Judge